01
02
03
04
05
06
07
08

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

09 MARSHALL O'DAL WILSON,                )   Case No. C07-1273-RSL
                                         )
10          Plaintiff,                   )
                                         )
11      v.                               )   ORDER DISMISSING CERTAIN
                                         )   DEFENDANT AND DIRECTING
12 KING COUNTY JAIL FACILITY, et al.,    )   SERVICE BY FIRST CLASS MAIL
                                         )   ON REMAINING DEFENDANTS
13          Defendants.                  )
   _____ )
14

15          Plaintiff Marshall O'Dal Wilson, a state inmate, is proceeding *pro se* and *in forma*

16 *pauperis* in his attempt to bring an amended 42 U.S.C. § 1983 civil rights claim against

17 employees of the King County Jail Facility in Kent, Washington, as well as King County Jail

18 Facility Health Staff, Health Staff Supervisors, and Claims Agent Sandra Courtway.  Dkt. No.

19 8.  By order dated August 27, 2007, United States Magistrate Judge James P. Donohue

20 declined to serve plaintiff's original complaint but granted leave to amend certain specified

21 deficiencies.  Dkt. No. 7.  Plaintiff's proposed amended complaint alleges acts and omissions

22 on the part of King County Jail employees including, but not limited to, allowing a prisoner

23 who was a known carrier of Methicillin-resistant Staphylococcus Aureus ("MRSA") to enter a

24 common containment area causing plaintiff to become infected with MRSA, and a procedural

25 due process claim against Claims Agent Sandra Courtway.  Dkt. No. 8.  After careful

26 consideration of the amended complaint, supporting materials, governing law and the balance

ORDER DISMISSING CERTAIN DEFENDANT AND
DIRECTING SERVICE ON REMAINING
DEFENDANTS
PAGE – 1

01  of the record, the Court ORDERS as follows:

02          Rule 8(a) of the Federal Rules of Civil Procedure requires plaintiffs to submit a

03  complaint "which sets forth . . . a short and plain statement of the claim showing that the

04  pleader is entitled to relief." Fed. R. Civ. P. 8(a).   In order to state a claim for relief under §

05  1983, a plaintiff must assert that he suffered a violation of rights protected by the Constitution

06  or created by federal statute, and that the violation was proximately caused by a person acting

07  under color of state law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991); *WAX*

08  *Techs., Inc. v. Miller*, 197 F.3d 367, 372 (9th Cir. 1999) (en banc).  This requires the plaintiff

09  to allege facts showing how a specific individual violated a specific right, causing the harm

10  alleged in the plaintiff's complaint. *Arnold v. Int'l Bus. Machs. Corp.*, 637 F.2d 1350, 1355

11  (9th Cir. 1981).

12          (1)     <u>Dismissal of County Defendant</u>.    Plaintiff has failed to correct a deficiency

13  outlined in this court's August 27, 2007 Order. *See* Dkt. No. 7.  Plaintiff has once again

14  named "King County Jail Facility" as a defendant, but does not allege that the harm he

15  suffered was the result of a policy or custom of that facility.  A local governmental unit, such

16  as King County, may not be held responsible for the acts of its employees under a *respondeat*

17  *superior* theory of liability. *See Collins v. City of Harker Heights*, 503 U.S. 115, 121 (1992).

18  Rather, a § 1983 plaintiff must allege facts showing that any constitutional deprivation he

19  suffered was the result of a "policy or custom" of the local governmental unit. *See Board of*

20  *County Comm'rs v. Brown*, 520 U.S. 397, 403 (1997); *Ortez v. Washington County*, 88 F.3d

21  804, 811 (9th Cir. 1996); *Navarro v. Block*, 72 F.3d 712, 714-15 (9th Cir. 1996).  Plaintiff

22  has not alleged facts showing that he suffered a deprivation of rights due to a policy or

23  custom of the "King County Jail Facility."  Accordingly, plaintiff's allegations against the

24  King County Jail fail to state a claim for which relief may be granted and are DISMISSED

25  pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

26

ORDER DISMISSING CERTAIN DEFENDANT AND
DIRECTING SERVICE ON REMAINING
DEFENDANTS
PAGE – 2

01           (2)    <u>Service by Clerk on Remaining Defendants</u>.    The Clerk is directed to send

02 defendants (1) Jail Commander John Doe; (2) King County Jail Facility Officers John Doe 1-

03 10 and Jane Doe 1-10; (3) King County Jail Facility Health Staff Jane Doe 1-10; (4) Health

04 Staff Supervisors John Doe 1-5; and (5) Claims Agent Sandra Courtway by first class mail,

05 the following:  a copy of plaintiff's complaint and of this Order, two copies of the Notice of

06 Lawsuit and Request for Waiver of Service of Summons, a Waiver of Service of Summons,

07 and a return envelope, postage prepaid, addressed to the Clerk's office.

08           (3)    <u>Response Required</u>.    The above-named defendants shall have **thirty (30) days**

09 within which to return the enclosed Waiver of Service of Summons.  Any defendant who

10 timely returns the signed Waiver shall have **sixty (60) days** after the date designated on the

11 Notice of Lawsuit to file and serve an answer to the Complaint or a motion permitted under

12 Rule 12 of the Federal Rules of Civil Procedure.

13           Any defendant who fails to timely return the signed Waiver will be personally served

14 with a summons and Complaint, and may be required to pay the full costs of such service,

15 pursuant to Rule 4(d)(2).  A defendant who has been personally served shall file an answer or

16 motion permitted under Rule 12 within **thirty (30) days** after service.

17           (4)    <u>Filing and Service by Parties, Generally</u>.    All attorneys admitted to practice

18 before this Court are required to file documents electronically via the Court's CM/ECF

19 system.  Counsel are directed to the Court's website, www.wawd.uscourts.gov, for a detailed

20 description of the requirements for filing via CM/ECF.  All non-attorneys, such as *pro se*

21 parties and/or prisoners, may continue to file a paper original of any document for the Court's

22 consideration.  **A party filing a paper original does not need to file a chambers copy**.  All

23 filings, whether filed electronically or in traditional paper format, must indicate in the upper

24 right hand corner the name of the Judge to whom the document is directed.

25           Additionally, any document filed with the Court must be accompanied by proof that it

26 has been served upon all parties that have entered a notice of appearance in the underlying

01 matter.

02     (5)   Motions.   Any request for court action shall be set forth in a motion, properly

03 filed and served.   Pursuant to amended Local Rule CR 7(b), any argument being offered in

04 support of a motion shall be submitted as a part of the motion itself and not in a separate

05 document.  **The motion shall include in its caption (immediately below the title of the**

06 **motion) a designation of the date the motion is to be noted for consideration upon the**

07 **court's motion calendar.**

08     Stipulated and agreed motions, motions to file overlength motions or briefs, motions

09 for reconsideration, joint submissions pursuant to the option procedure established in Local

10 Rule CR 37(a)(2)(B), motions for default, requests for the clerk to enter default judgment,

11 and motions for the court to enter default judgment where the opposing party has not

12 appeared shall be noted for consideration the same day they are filed.  *See* Local Rule CR

13 7(d)(1).  All other non-dispositive motions shall be noted for consideration no earlier than the

14 third Friday following filing and service of the motion.  *See* Local Rule CR 7(d)(3).  All

15 dispositive motions shall be noted for consideration no earlier than the fourth Friday

16 following filing and service of the motion.

17     For electronic filers, all briefs and affidavits in opposition to either a dispositive or

18 non-dispositive motion shall be filed and served not later than 11:59 p.m. on the Monday

19 immediately preceding the date designated for consideration of the motion.  If a party files a

20 paper original (i.e., a *pro se* and/or prisoner), that opposition must be received in the Clerk's

21 office by 4:30 p.m. on the Monday preceding the date of consideration.  If a party fails to file

22 and serve timely opposition to a motion, the court may deem any opposition to be without

23 merit.

24     Additionally, the party making the motion may file and serve, not later than 11:59

25 p.m. (if filing electronically) or 4:30 p.m. (if filing a paper original with the Clerk's office)

26 on the judicial day immediately preceding the date designated for consideration of the

ORDER DISMISSING CERTAIN DEFENDANT AND
DIRECTING SERVICE ON REMAINING
DEFENDANTS
PAGE – 4

01 motion, a response to the opposing party's briefs and affidavits.

02          (6)          <u>No Direct Communications with District Judge or Magistrate Judge</u>.    No

03 direct communication is to take place with the United States District Judge or Magistrate

04 Judge with regard to this case.  All relevant information and papers are to be directed to the

05 Clerk.

06          (7)          The Clerk of Court is directed to send a copy of this Order to the parties.

07          DATED this 27th day of September, 2007.

08

09                                                                     *Mht S Lasnik*

10                                                                     Robert S. Lasnik
                                                                       United States District Judge

11

12

13

14

15 Recommended for entry this
   27th day of September, 2007.

16

17 <u>s/ JAMES P. DONOHUE</u>
   United States Magistrate Judge

18

19

20

21

22

23

24

25

26

ORDER DISMISSING CERTAIN DEFENDANT AND
DIRECTING SERVICE ON REMAINING
DEFENDANTS
PAGE – 5