UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MARSHALL O'DAL WILSON, ) | Case No. C07-1273-RSL-JPD |
| Plaintiff, ) | |
| v. ) | |
| ) | REPORT AND RECOMMENDATION |
| SANDRA COURTWAY, et al., ) | AND ORDER DIRECTING SERVICE |
| Defendants. ) | |

Plaintiff Marshall O'Dal Wilson, a state inmate, is proceeding *pro se* and *in forma pauperis* in this 42 U.S.C. § 1983 civil rights suit against King County Jail Facility Officers (John Does 1-10 and Jane Does 1-10), King County Jail Health Staff (Jane Does 1-10), King County Jail Health Service Supervisors (John Does 1-5), and "Claims Agent" Sandra Courtway, who has subsequently been identified as an investigator in the Torts Section of King County Prosecutor's Office. Dkt. Nos. 8, 12. Plaintiff's Amended Complaint alleges acts and omissions on the part of King County Jail employees including, but not limited to, allowing a prisoner who was a known carrier of Methicillin-resistant Staphylococcus Aureus ("MRSA") enter a common containment area causing plaintiff to become infected with MRSA, and a related claim against defendant Courtway. *See* Dkt. No. 8.

The present matter comes before the Court on defendant Courtway's Motion to Dismiss. *See* Dkt. No. 12. Plaintiff has filed a brief opposing this motion, *see* Dkt. No. 14, to

REPORT AND RECOMMENDATION
AND ORDER DIRECTING SERVICE
PAGE – 1

which defendant Courtway has replied. *See* Dkt. No. 15. After careful consideration of the motion, response, the governing law and the balance of the record, the Court recommends that defendant Courtway's Motion to Dismiss be GRANTED.

## II.  FACTS AND PROCEDURAL HISTORY

Plaintiff's complaint centers on an Eighth Amendment deliberate indifference claim against several King County Jail employees for allegedly allowing a prisoner who was a known carrier of MRSA to be placed in the Jail's open housing units, causing plaintiff to become infected with MRSA, and also for failing to provide medical care after this incident. Dkt. No. 8 at 5-6. According to the plaintiff, these acts and omissions occurred in May 2004, when plaintiff was confined as a pretrial detainee. Dkt. No. 8 at 5. Upon his release from King County Jail shortly thereafter, plaintiff noticed what appeared to be a spider bite on his lower back, which he claims was the MRSA virus in its first stages. Dkt. No. 8 at 4-6. Plaintiff contends that he was bedridden as a result of this infection, rendering him unable to work or meet with his probation officer, which led to his re-incarceration in July 2004. Dkt. No. 8 at 5. Upon re-incarceration, plaintiff asserts that he was diagnosed with MRSA by King County Jail medical personnel.

At some unspecified point thereafter, plaintiff filed a compensation claim with King County's "Office of Risk Management," which the Court understands to be the Torts Section of King County Prosecutor's Office. Dkt. No. 8 at 5. Defendant Courtway is an investigator in that office. Dkt. No. 12 at 1-2. Specifically, plaintiff sought compensation for his serious medical condition, lost wages, and loss of housing. Dkt. No. 8 at 6. Plaintiff's present claim against defendant Courtway stems from her decision recommending that plaintiff's request be denied. Dkt. No. 8 at 6. Viewing his amended complaint with extreme liberality, it appears that plaintiff is alleging that defendant Courtway's actions were not only deliberately indifferent to his serious medical needs, but also somehow violated his procedural due process rights. Dkt. No. 8 at 6-7.

III.  DISCUSSION

A.   Fed. R. Civ. P. 12(b)(6)

A federal district court may dismiss a complaint for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) only when it appears beyond a doubt that the plaintiff can prove no set of facts that would entitle him to relief. *Homedics, Inc. v. Valley Forge Ins. Co.*, 315 F.3d 1135, 1138 (9th Cir. 2003). In doing so, the district court must accept all factual allegations in the complaint as true and must liberally construe those allegations in a light most favorable to the non-moving party. *Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005). Conclusory allegations will not be similarly treated, nor will arguments that extend far beyond the allegations contained in the complaint. *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003).[1] The district court should not weigh the evidence, ponder factual nuances, or determine which party will ultimately prevail; rather, the issue is whether the facts alleged in the plaintiff's well-pleaded complaint, accepted as true, are sufficient to state a claim upon which relief can be granted. *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006).

B.   Plaintiff's Complaint Against Defendant Courtway Fails to State a Claim

Rule 8(a) of the Federal Rules of Civil Procedure requires plaintiffs to submit a complaint "which sets forth . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). In order to state a claim for relief under § 1983, a plaintiff must assert that he suffered a violation of rights protected by the Constitution or created by federal statute, and that the violation was proximately caused by a person acting under color of state law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991); *WAX Techs., Inc. v. Miller*, 197 F.3d 367, 372 (9th Cir. 1999) (en banc). This requires the plaintiff

---

[1] Although a district court's consideration of matters outside the pleadings normally converts a motion to dismiss into a motion for summary judgment, *Anderson v. Angelone*, 86 F.3d 932, 934 (9th Cir. 1996), "a court may properly look beyond the complaint to matters of public record" without fear of such conversion. *Gemtel Corp. v. Community Redevelopment Agency*, 23 F.3d 1542, 1544 n.1 (9th Cir. 1994).

to allege facts showing how a specific individual violated a specific right, causing the harm alleged in the plaintiff's complaint. *Arnold v. Int'l Bus. Machs. Corp.*, 637 F.2d 1350, 1355 (9th Cir. 1981). Vague and conclusory allegations of official participation in civil rights violations are insufficient. *Peña v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992). Furthermore, § 1983 is not a "font of tort law"—harm in the abstract, or tort harm unaccompanied by constitutional deprivation, will not defeat a motion to dismiss for failure to state a claim. *Parratt v. Taylor*, 451 U.S. 527, 532 (1981).

In the present case, plaintiff has failed to allege sufficient facts to state a claim for relief under § 1983 against defendant Courtway. First, he has failed to set forth facts showing *how* defendant Courtway violated one of his specific constitutional rights. *See Arnold*, 637 F.2d at 1355. Indeed, plaintiff's Amended Complaint makes little reference to defendant Courtway. He alleges that defendant Courtway, acting on behalf of the Office of Risk Management "failed to compensate for loss of wages from work [and] loss [of housing]," and that this is "King County's way to violate procedural custom to always be in deniab[i]lity about all request[s] for relief in this matter." Dkt. No. 8 at 6. Defendant Courtway's denial of a pre-litigation compensation claim does not allege, much less establish, a constitutional violation of any kind, substantive or procedural. *Parratt*, 451 U.S. at 532; *see also Pena*, 976 F.2d at 471 (noting that even "a liberal interpretation of a [pro se] civil rights complaint may not supply essential elements of the claim that were not initially pled.") (quoting *Ivey v. Board of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982)) (alteration by *Pena* court). Nor does it limit plaintiff's legal options for seeking redress.

Second, plaintiff is unable to establish that defendant Courtway violated any particular duty owed to *him*. It appears instead that any duty owed by defendant Courtway was to her employer, not to plaintiff. Accordingly, even assuming that defendant Courtway recommended that plaintiff's internal claim for damages be denied, such an act does not, standing alone, violate the Constitution or federal law.

REPORT AND RECOMMENDATION
AND ORDER DIRECTING SERVICE
PAGE – 4

Third and finally, to the extent plaintiff attacks the individual decision of defendant Courtway to deny his claim for compensation or otherwise violate certain unspecified "procedural custom[s]" of the King County Jail, see Dkt. No. 8 at 6-7, his suit is barred by United States Supreme Court precedent. Specifically, under the rule set forth in *Hudson v. Palmer*, 468 U.S. 517 (1984), deprivation of a prisoner's liberty or property interest, caused by the unauthorized negligent or intentional action of a state official, does not state a constitutional claim where the state provides an adequate post-deprivation remedy. *Id.* at 533; *see also Zinermon v. Burch*, 494 U.S. 113, 129-32 (1990); *Barnett v. Centoni*, 31 F.3d 813, 816 (9th Cir. 1994) (per curiam).

      C.     <u>Effect of Report and Recommendation on Remaining Defendants</u>

This Report and Recommendation is directed at defendant Courtway. In light of the foregoing analysis, this Court concludes that the defendants liable in this case, if anyone, are the King County Jail officers and/or health staff who, until recently, were "Jane Doe" and "John Doe" defendants in this case. Plaintiff recently filed two documents which appear to name the King County Jail supervisors, facility officers, and health staff employees previously labeled as Jane or John Doe. *See* Dkt. Nos. 16, 20. Although the county defendants have been dismissed from this action, see Dkt. No. 9, the individual capacity suits against the individually-named King County Jail personnel remain. This includes the following defendants recently identified by plaintiff: King County Jail director Reed Holtgeerts, commander Ken Ray, and medical department supervisor Deborah Nanson. Dkt. No. 16 at 2; Dkt. No. 20 at 3.

The Court construes these documents filed by plaintiff as motions to amend his Amended Complaint,[2] which is hereby GRANTED. Accordingly, the Court ORDERS as

---

[2] The Federal Rules of Civil Procedure state that leave to amend "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a)(2). According to the Ninth Circuit, this principle "'is to be applied with extreme liberality.'" *Verizon Delaware, Inc. v. Covad Commc'ns Co.*, 377 F.3d 1081, 1090 (9th Cir. 2004) (quoting *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048,

follows:

(1)  <u>Service by Clerk</u>.  The Clerk of Court is directed to send defendants Reed Holtgeerts, Ken Ray, and Deborah Nanson, by first class mail, the following: a copy of plaintiff's amended complaint (Dkt. No. 8), "addendum to civil complaint" (Dkt. No. 16), and "first addendum to complaint" (Dkt. No. 20), as well as a copy of this Order, two copies of the Notice of Lawsuit and Request for Waiver of Service of Summons, a Waiver of Service of Summons, and a return envelope, postage prepaid, addressed to the Clerk's office.

(2)  <u>Response Required</u>.  The above-named defendants shall have **thirty (30) days** within which to return the enclosed Waiver of Service of Summons.  Any defendant who timely returns the signed Waiver shall have **sixty (60) days** after the date designated on the Notice of Lawsuit to file and serve an answer to the Complaint or a motion permitted under Rule 12 of the Federal Rules of Civil Procedure.

Any defendant who fails to timely return the signed Waiver will be personally served with a summons and Complaint, and may be required to pay the full costs of such service, pursuant to Rule 4(d)(2).  A defendant who has been personally served shall file an answer or motion permitted under Rule 12 within **thirty (30) days** after service.

(3)  <u>Filing and Service by Parties, Generally</u>.  All attorneys admitted to practice before this Court are required to file documents electronically via the Court's CM/ECF system.  Counsel are directed to the Court's website, www.wawd.uscourts.gov, for a detailed description of the requirements for filing via CM/ECF.  All non-attorneys, such as *pro se* parties and/or prisoners, may continue to file a paper original of any document for the Court's consideration.  **A party filing a paper original does not need to file a chambers copy**.  All filings, whether filed electronically or in traditional paper format, must indicate in the upper

---

1051 (9th Cir. 2003) (per curiam); *see also Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992) (noting that rule of liberal construction regarding *pro se* pleadings is "particularly important in civil rights cases").

REPORT AND RECOMMENDATION
AND ORDER DIRECTING SERVICE
PAGE – 6

right hand corner the name of the Magistrate Judge to whom the document is directed.

Additionally, any document filed with the Court must be accompanied by proof that it has been served upon all parties that have entered a notice of appearance in the underlying matter.

(4)  <u>Motions</u>.  Any request for court action shall be set forth in a motion, properly filed and served.  Pursuant to amended Local Rule CR 7(b), any argument being offered in support of a motion shall be submitted as a part of the motion itself and not in a separate document.  **The motion shall include in its caption (immediately below the title of the motion) a designation of the date the motion is to be noted for consideration upon the court's motion calendar**.

Stipulated and agreed motions, motions to file overlength motions or briefs, motions for reconsideration, joint submissions pursuant to the option procedure established in CR37(a)(2)(B), motions for default, requests for the clerk to enter default judgment, and motions for the court to enter default judgment where the opposing party has not appeared shall be noted for consideration on the day they are filed.  *See* Local Rule CR 7(d)(1).  All other non-dispositive motions shall be noted for consideration no earlier than the third Friday following filing and service of the motion.  *See* Local Rule CR 7(d)(3).  All dispositive motions shall be noted for consideration no earlier than the fourth Friday following filing and service of the motion.

For electronic filers, all briefs and affidavits in opposition to either a dispositive or non-dispositive motion shall be filed and served not later than 11:59 p.m. on the Monday immediately preceding the date designated for consideration of the motion.  If a party files a paper original (i.e. a *pro se* and/or prisoner), that opposition must be received in the Clerk's office by 4:30 p.m. on the Monday preceding the date of consideration.  If a party fails to file and serve timely opposition to a motion, the court may deem any opposition to be without merit.

REPORT AND RECOMMENDATION
AND ORDER DIRECTING SERVICE
PAGE – 7

Additionally, the party making the motion may file and serve, not later than 11:59 p.m. (if filing electronically) or 4:30 p.m. (if filing a paper original with the Clerk's office) on the judicial day immediately preceding the date designated for consideration of the motion, a response to the opposing party's briefs and affidavits.

(5)   <u>Direct Communications With District Judge or Magistrate Judge</u>.  No direct communication is to take place with the District Judge or Magistrate Judge with regard to this case.  All relevant information and papers are to be directed to the Clerk.

(6)   The Clerk is directed to send a copy of this Order to the Honorable Robert S. Lasnik, Chief Judge.

## IV.   CONCLUSION

For the foregoing reasons, the Court recommends that defendant Courtway's Motion to Dismiss (Dkt. No. 12) be GRANTED and plaintiff's Amended Complaint (Dkt. No. 8) be DISMISSED with prejudice as to that defendant.  In addition, the Court ORDERS that service be directed on the above-named parties previously labeled as John or Jane Doe.  A proposed order accompanies this Report and Recommendation.

Dated this 5th day of February, 2008.

*/s/ James P. Donohue*
JAMES P. DONOHUE
United States Magistrate Judge