UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MARSHALL O'DAL WILSON, | Case No. C07-1273-RSL-JPD |
| Plaintiff, | |
| v. | |
| SANDRA COURTWAY, et al., | ORDER DENYING PLAINTIFF'S MOTION TO APPOINT COUNSEL |
| Defendants. | |

Plaintiff Marshall O'Dal Wilson, a state inmate, is proceeding *pro se* and *in forma pauperis* in this 42 U.S.C. § 1983 civil rights suit against employees of King County and the King County Jail. Dkt. No. 8. The present matter comes before the Court on plaintiff's motion for court-appointed counsel. Dkt. No. 21. After careful consideration of the motion, the governing law and the balance of the record, the Court ORDERS as follows:

(1) Plaintiff's motion for appointment of counsel (Dkt. No. 21) is DENIED. No constitutional right to counsel exists for an indigent plaintiff in a civil case unless the plaintiff may lose his physical liberty if he loses the litigation. *See Lassiter v. Dep't of Social Servs.*, 452 U.S. 18, 25 (1981). However, pursuant to 28 U.S.C. § 1915(e)(1), this Court has the discretion to appoint counsel for indigent litigants proceeding IFP. *United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995). The Court will appoint counsel only on a showing of "exceptional circumstances." *Id.*; *Wilborn v. Escalderon*, 789

ORDER DENYING PLAINTIFF'S
MOTION TO APPOINT COUNSEL
PAGE – 1

F.2d 1328, 1331 (9th Cir. 1986). "A finding of exceptional circumstances requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Wilborn*, 789 F.2d at 1331 (internal quotations omitted). These factors must be viewed together before reaching a decision on a request for counsel under § 1915(e)(1). *Id.*

The Court finds that the plaintiff has failed to demonstrate that exceptional circumstances warrant the appointment of counsel at this time. Petitioner has provided no evidence that his case is likely to succeed on the merits. To the contrary, by separate order, this Court has recommended that plaintiff's Amended Complaint be dismissed as to one defendant in the case because it fails to state a claim upon which relief can be granted. *See* Dkt. No. 24. Furthermore, although plaintiff has alleged that conducting discovery in this litigation will be difficult for him, "the need for such discovery does not necessarily qualify the issues involved as 'complex.'" *Wilborn*, 789 F.2d at 1331.

In sum, plaintiff has neither demonstrated a likelihood of success on the merits nor shown that, in light of the complexity of the legal issues involved, he is unable to articulate his claims *pro se*. Accordingly, the Court concludes that appointment of counsel is not appropriate at this time. The Court may revisit this decision as the case progresses, and the plaintiff will be free to move the Court for appointment of counsel if necessary at a later date.

(2) The Clerk of Court shall send copies of this Order to plaintiff and to the Honorable Robert S. Lasnik, Chief Judge.

DATED this 5th day of February, 2008.

/s/ James P. Donohue
JAMES P. DONOHUE
United States Magistrate Judge