UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MARSHALL O'DAL WILSON,

    Plaintiff,

v.

KING COUNTY JAIL FACILITY, et al.,

    Defendants.

Case No. C07-1273-RSL-JPD

REPORT AND RECOMMENDATION

## I. INTRODUCTION AND SUMMARY CONCLUSION

Plaintiff Marshall O'Dal Wilson, a state inmate, is proceeding in this 42 U.S.C. § 1983 civil rights action against King County Jail personnel Reed Holtgeerts, Ken Ray, and Deborah Nanson, and against Linda Triplett, a supervisor in the Torts Section of the King County Prosecutor's Office. Dkt. Nos. 6, 8, 16, 20. Plaintiff's amended complaint alleges acts and omissions on the part of King County Jail personnel including, but not limited to, allowing a prisoner who was a known carrier of Methicillin-resistant Staphylococcus Aureus ("MRSA") to enter a common containment area and thereby causing Plaintiff to become infected with MRSA. *See* Dkt. No. 8 at 5-6. The present matter comes before the Court on Defendant Linda Triplett's motion to dismiss. Dkt. No. 44. After careful consideration of the motion, Plaintiff's

REPORT AND RECOMMENDATION
PAGE - 1

response, the reply brief, the governing law and the balance of the record, the Court recommends that the motion to dismiss (Dkt. No. 44) be GRANTED.

## II. FACTS AND PROCEDURAL HISTORY

Plaintiff's amended complaint centers on an Eighth Amendment deliberate indifference claim against several King County Jail employees for allegedly allowing a prisoner who was a known carrier of MRSA to be placed in the Jail's open housing units, causing Plaintiff to become infected with MRSA. Dkt. No. 8 at 5-6. According to Plaintiff, these acts and omissions occurred between May 5 and May 25, 2004, when he was confined as a pretrial detainee for a probation violation. Dkt. Nos. 8 at 5, 20 at 5. Upon his release from King County Jail soon thereafter, Plaintiff noticed what he then believed to be a spider bite on his lower back. Dkt. Nos. 8 at 5, 20 at 5. Plaintiff contends that he became bedridden, rendering him unable to work or to later meet with his probation officer, which led to his re-incarceration on or about July 6, 2004. Dkt. No. 8 at 5, 20 at 6. On July 9, 2004, Plaintiff asserts that what he had theretofore believed to be an infected spider bite was diagnosed as MRSA by King County Jail medical personnel. Dkt. No. 20 at 6.

On December 21, 2006, Plaintiff filed a compensation claim with the King County "tort claim division" seeking damages related to his contraction of MRSA while confined in King County Jail. Dkt. No. 20 at 9. Specifically, Plaintiff sought compensation for physical and emotional injuries sustained as a result of his serious medical condition, lost wages, and loss of housing. Dkt. No. 8 at 6-7. On or about May 10, 2007, Plaintiff was notified via letter from investigator Sandra Courtway in the King County Prosecutor's Office that his claim was denied. Dkt. No. 16 at 2, 20 at 9.

Plaintiff commenced this action on August 15, 2007 by filing a § 1983 complaint. Dkt. No. 6. Plaintiff initially named King County Jail Facility, Courtway, King County Jail Health Staff, King County Health Service Supervisor and King County Risk Management Claim Department as defendants. Dkt. No. 6 at 2-3. Plaintiff filed an amended complaint on

REPORT AND RECOMMENDATION
PAGE - 2

1 September 11, 2007 which added Jane and John Doe defendants, Dkt. No. 8, and on September 27, 2007, the Court dismissed the King County defendants from the action, Dkt. No. 9. Only individual defendant Courtway and the Jane and John Doe defendants remained in the case. On October 15, 2007, Defendants moved to dismiss individual Courtway from the action. Dkt. No. 12.

On December 3, 2007 and January 14, 2008, while Defendants' motion to dismiss Courtway was pending, Plaintiff filed an "addendum to civil complaint" and "first addendum to complaint," respectively, which each identified King County Jail personnel Reed Holtgeerts, Ken Ray, Deborah Nanson and Linda Triplett, in addition to Courtway, as defendants. Dkt. Nos. 16 at 2, 20 at 3-4. The Court considered these documents as motions to amend, which were granted. Dkt. No. 24 at 5. According to Plaintiff, Holtgeerts is the director of operations for the King County Jail, Ray is the jail commander, Nanson is the King County public health supervisor, and Triplett is Courtway's supervisor. Dkt. Nos. 16 at 2, 20 at 3-4.

Defendants' motion to dismiss Courtway was granted by the Court on February 5, 2008 for failure to state a claim. Dkt. Nos. 24, 26. In this Court's Report and Recommendation, the Clerk of Court was directed to send Defendants Reed Holtgeerts, Ken Ray, and Deborah Nanson, by first class mail, a copy of Plaintiff's amended complaint (Dkt. No. 8), "addendum to civil complaint" (Dkt. No. 16), and "first addendum to complaint" (Dkt. No. 20).

Defendants Holtgeerts, Ray, and Nanson brought a motion to dismiss, which was denied by the Court on August 25, 2008. *See* Dkt. Nos. 38, 54. In this Court's Report and Recommendation, the Court noted that an issue had arisen as to whether Defendant Triplett was sent copies of Plaintiff's amended complaint and addendums. Accordingly, the Court ordered that the Clerk of Court send Triplett, *inter alia*, a copy of Plaintiff's amended complaint and addendums. Soon thereafter, Triplett brought this motion to dismiss. Dkt. No. 44.

REPORT AND RECOMMENDATION
PAGE - 3

## III. DISCUSSION

### A. Fed. R. Civ. P. 12(b)(6)

A federal district court may dismiss a complaint for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) only when it appears beyond a doubt that the plaintiff can prove no set of facts that would entitle him to relief. *Homedics, Inc. v. Valley Forge Ins. Co.*, 315 F.3d 1135, 1138 (9th Cir. 2003). In doing so, the district court must accept all factual allegations in the complaint as true and must liberally construe those allegations in a light most favorable to the non-moving party. *Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005). Conclusory allegations will not be similarly treated, nor will arguments that extend far beyond the allegations contained in the complaint. *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003). The district court should not weigh the evidence, ponder factual nuances, or determine which party will ultimately prevail; rather, the issue is whether the facts alleged in the plaintiff's well-pleaded complaint, accepted as true, are sufficient to state a claim upon which relief can be granted. *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006).

### B. Plaintiff's Allegations Against Defendant Triplett Fail to State a Claim.

Rule 8(a) of the Federal Rules of Civil Procedure requires plaintiffs to submit a complaint "which sets forth . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). In order to state a claim for relief under § 1983, a plaintiff must assert that he suffered a violation of rights protected by the Constitution or created by federal statute, and that the violation was proximately caused by a person acting under color of state law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991); *WAX Techs., Inc. v. Miller*, 197 F.3d 367, 372 (9th Cir. 1999) (en banc). This requires the plaintiff to allege facts showing how a specific individual violated a specific right, causing the harm alleged in the plaintiff's complaint. *Arnold v. Int'l Bus. Machs. Corp.*, 637 F.2d 1350, 1355 (9th Cir. 1981). Vague and conclusory allegations of official participation in civil rights violations are insufficient. *Peña v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992).

1  Furthermore, § 1983 is not a "font of tort law"—harm in the abstract, or tort harm
2  unaccompanied by constitutional deprivation, will not defeat a motion to dismiss for failure to
3  state a claim.  *Parratt v. Taylor*, 451 U.S. 527, 532 (1981).

4  In the present case, Plaintiff has failed to allege sufficient facts to state a claim for relief
5  under § 1983 against Defendant Triplett.  First, he has failed to set forth facts showing *how*
6  Triplett violated one of his specific constitutional rights.  *See Arnold*, 637 F.2d at 1355.
7  Indeed, Plaintiff's amended complaint and addendums make little reference to Triplett.  He
8  alleges that Triplett is Courtway's supervisor, that Triplett "is responsible for supervising tort
9  claims," and that she "knew about the substantial risk to inmates being infected with MRSA."
10 Dkt. No. 16 at 2; Dkt. No. 20 at 4.  However, Triplett's supervision of Courtway and tort
11 claims, and knowledge about inmates' risk of being infected with MRSA, does not allege,
12 much less establish, a constitutional violation of any kind, substantive or procedural.  *Parratt*,
13 451 U.S. at 532; *see also Peña*, 976 F.2d at 471 (noting that even "a liberal interpretation of a
14 [pro se] civil rights complaint may not supply essential elements of the claim that were not
15 initially pled.") (quoting *Ivey v. Board of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th
16 Cir. 1982)) (alteration by *Peña* court).

17 Second, Plaintiff is unable to establish that Triplett violated any particular duty owed to
18 *him*.  It appears instead that any duty owed by Triplett was to her employer, not to Plaintiff.
19 Accordingly, even assuming that Triplett supervised Courtway (who recommended that
20 Plaintiff's internal claim for damages be denied), such conduct does not, standing alone,
21 violate the Constitution or federal law.

22 Third and finally, to the extent Plaintiff attacks an individual decision of Triplett to
23 approve or acquiesce in Courtway's denial of his claim for compensation, or to otherwise
24 violate certain unspecified "procedural custom[s]" of the King County Jail, see Dkt. No. 8 at 6-
25 7, his suit is barred by United States Supreme Court precedent.  Specifically, under the rule set
26 forth in *Hudson v. Palmer*, 468 U.S. 517 (1984), deprivation of a prisoner's liberty or property

interest, caused by the unauthorized negligent or intentional action of a state official, does not state a constitutional claim where the state provides an adequate post-deprivation remedy. *Id.* at 533; *see also Zinermon v. Burch*, 494 U.S. 113, 129-32 (1990); *Barnett v. Centoni*, 31 F.3d 813, 816 (9th Cir. 1994) (per curiam).

## IV. CONCLUSION

For the foregoing reasons, the Court recommends that Defendant Triplett's motion to dismiss (Dkt. No. 44) be GRANTED. A proposed order accompanies this Report and Recommendation.

DATED this 13th day of January, 2009.

*/s/ James P. Donohue*

JAMES P. DONOHUE
United States Magistrate Judge